UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESUS M. SIMMS, TOMMY T. BUSH,
MORNINGSTAR THOMAS,
WOODROW STALLINGS, JR.,
DENNISE WHITE, MICHAEL HOWARD,
AARON H. SCOTT, JAVIER MCCANTS,
THADOUS BEARD, DRESHAWN FREEMAN,
MYRIO ROGERS, BRANDON JONES,
JEROD BRUMFIELD, ANTHONY JOHNSON,
CHARLES ROBY, NOAH HUNTER,
CHRISTIAN CARDON, IROQUOIS REGAZZI,
VANN POPE, MARIO PATTILLO,
CLIFFORD E. BENT, KEVOEN WADE,
LAWRENCE GREGORY BURNS,
DERRICK ELLIS, DAYQUON HILL,
and DARYN CHILDRESS,

       Plaintiffs,

  v.                                Case No. 22-CV-697

INSPECTOR DOBSON, *et al.*,

       Defendants.

## ORDER

Plaintiffs Jesus M. Simms, Tommy T. Bush, Morningstar Thomas, Woodrow Stallings, Jr., Dennise White, Michael Howard, Aaron H. Scott, Javier McCants, Thadous Beard, Dreshawn Freeman, Myrio Rogers, Brandon Jones, Jerod Brumfield, Anthony Johnson, Charles Roby, Noah Hunter, Christian Cardon, Iroquois Regazzi, Vann Pope, Mario Pattillo, Clifford E. Bent, Kevoen Wade, Derrick Ellis, Dayquon

Hill, and Daryn Childress, all of whom are currently incarcerated at Milwaukee County Jail and representing themselves, filed a complaint under 42. U.S.C. § 1983, alleging that their civil rights were violated. Before screening the complaint or assessing the filing fees due, the court will clarify for plaintiffs some of the implications arising from their having brought their claims jointly in a single action. If after reviewing this decision, any individual plaintiff no longer wishes to continue with this action, he or she must notify the court in writing by **July 21, 2022,** of his or her desire to withdraw. Any plaintiff who withdraws from this action by this deadline will not be obligated to pay the filing fee. Plaintiffs who do not withdraw by the deadline will be assessed the statutory filing fee, regardless of when or why they are subsequently dismissed from this action.

1. **Filing Fees**

The cost of filing a civil action in federal court is $402.00, which includes the $350.00 statutory filing fee and a $52.00 administrative fee. The $52.00 administrative fee does not apply to persons granted leave to proceed without prepaying the filing fee (*in forma pauperis* status). Under the Prison Litigation Reform Act (PLRA), prisoner plaintiffs who bring a civil action must pay the statutory filing fee of $350. *See* 28 U.S.C. §1915(b)(1). Prisoner plaintiffs proceeding *in forma pauperis* may pay that fee over time. *See* 28 U.S.C. §1915(b)(2). In a case brought by multiple prisoner plaintiffs, **each plaintiff is required to pay the filing fee**. *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *see Turley v. Gaetz*, 625 F.3d

1005, 1011 (7th Cir. 2010) ("prisoners may join their claims in a single action but must each pay a separate filing fee.").

Any plaintiff unable to pay the $402 filing fee may file a Request to Proceed in District Court Without Prepayment of the Filing Fee, together with a certified copy of his institutional trust account statement for the past six months. These documents are available from the institution at which the plaintiffs are located. A plaintiff's failure to submit either the $402 filing fee *or* a request and certified trust account statement by **July 21, 2022**, may result in the court dismissing that plaintiff from this action without further notice. If a plaintiff encounters challenges satisfying this requirement, he must notify the court in writing before the deadline.

Any plaintiff who does not notify the court by **July 21, 2022,** of his desire to withdraw from this action will be assessed the statutory filing fee. *See* 28 U.S.C. §1915(b)(1).

**2. Signatures**

Federal Rule of Civil Procedure 11(a) requires that every pleading, motion, and other paper be signed by each party personally if the party is representing himself. This requirement may be difficult and costly for prisoner plaintiffs to comply with, particularly if plaintiffs are transferred to different institutions or released before the case is resolved. Further, institution policies regarding communication and the delivery of documents among prisoners may cause delay and confusion. Plaintiffs are warned that, pursuant to Rule 11(a), the court will strike any future filing that is not signed by every plaintiff.

3

### 3. Screening, Sanctions, and Strikes

After the above requirements have been satisfied and those plaintiffs who wish to proceed have signed the complaint and paid the filing fee or have been assessed and paid an initial partial filing fee, the court will screen the complaint. *See* 28 U.S.C. §1915A. The Court of Appeals for the Seventh Circuit has described the challenges that arise with group prisoner complaints. *See Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). Complaints filed by multiple prisoners may proceed *if* the criteria for permissive joinder of parties and joinder of claims are satisfied. *See* Fed. R. Civ. P. 20, 18. Rule 20 allows plaintiffs to join together in one action if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." And Rule 18 allows properly joined plaintiffs to assert as many claims as they have against a single party. But "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Thus, plaintiffs should be aware that, if they or some of their claims are not properly joined in this action, the court may sever their claims into separate actions (for which they will be required to pay additional filing fees) or may dismiss the improperly joined parties. *See* Fed. R. Civ. P 21.

Finally, each plaintiff will be held legally responsible for knowing what is filed on his behalf. Thus, each plaintiff will be subject to sanctions under Fed. R. Civ. P.

4

11 if sanctions are found to be warranted in any aspect of the case, even if a particular plaintiff was not directly responsible for the sanctionable conduct. Further, every plaintiff who was a prisoner when the complaint was filed will incur a "strike" if this action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(g).

**IT IS THEREFORE ORDERED** that any plaintiff who no longer wishes to continue with this action must notify the court in writing by **July 21, 2022,** of his desire to withdraw. A plaintiff who withdraws by the deadline will *not* have to pay a filing fee. A plaintiff who withdraws from this action may file a separate action pursuing these same claims. If a plaintiff files a separate action, he will be required to pay the filing fee.

**IT IS FURTHER ORDERED** that plaintiffs who wish to proceed with this action and who have not already done so must submit either the $402 filing fee *or* a request to proceed without prepaying the filing fee and a certified trust account statement by **July 21, 2022.** Failure to do so by that deadline may result in the court dismissing a plaintiff from this action without further notice. Plaintiffs who encounter challenges satisfying this requirement must notify the court in writing before the deadline. **Any plaintiff who does not withdraw from this action by July 21, 2022, will be assessed the statutory filing fee.**

Dated in Milwaukee, Wisconsin this 21st day of June, 2022.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge