# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

TOMMY  T. BUSH,
MARION PATILLO, and
CLIFFORD E. BENT,

      Plaintiffs,

 v.                                            Case No. 22-CV-697

INSPECTOR DOBSON, EARNELL LUCAS,
DAVID CROWLEY, CITY OF MILWAUKEE and
MILWAUKEE COUNTY,

      Defendants.

---

## SCREENING ORDER

---

Plaintiffs Tommy T. Bush, Marion Patillo, and Clifford E. Bent, who are confined at the Milwaukee County Jail and representing themselves, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated their constitutional rights. (ECF. No. 1.) Initially this matter had over twenty plaintiffs, but, for various reasons, including several plaintiffs' voluntary withdrawal and others' failure to pay the required initial partial filing fee, only Bush, Patillo and Bent remain. This order screens their complaint and resolves their motions for leave to proceed without prepayment of the filing fee. (ECF Nos. 34, 36, and 66.) Additionally, this order will resolve their motions to appoint counsel, (ECF No. 5), and for class certification, (ECF No. 6).

Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a U.S. District Court Judge for the limited purpose of screening the complaint and resolving the outstanding motions. This case will be returned to Magistrate Judge William E. Duffin for further proceedings after entry of this order.

## MOTIONS TO PROCEED WITHOUT PREPAYING THE FILING FEE

The plaintiffs have asked for leave to proceed without prepaying the full fling fee (*in forma pauperis*). Each prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1); *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004). All remaining plaintiffs have submitted certified copies of their trust account statements as required under 28 U.S.C. § 1915(a)(2). They have also been assessed and paid the initial partial filing fees. Accordingly, their motions for leave to proceed without prepayment of the filing fee will be granted.

## SCREENING OF THE COMPLAINT

Under the Prison Litigation Reform Act (PLRA), the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*The Plaintiffs' Allegations*

The plaintiffs allege that Milwaukee County Jail has made conditions for pretrial detainees nearly unlivable. They are served food that is freezer burned or

3

spoiled, and suffer from gastrointestinal distress as a result. (ECF No. 1, ¶¶ 8, 19.)
Detainees are also denied hygiene supplies. (*Id.*, ¶ 10.) Cells are full of bugs and often
times full of sewage and human waste. (*Id.*, ¶¶ 12, 34.) The toilets are often disabled
for more than 12 hours at a time. (*Id.*, ¶ 39.) Detainees are not given sheets for their
beds and, instead, are provided only two blankets. (*Id.*, ¶ 13.) Cells are often cold.
(*Id.*, ¶ 14.) Detainees have no access to a law library or computers to research cases,
and any books provided are outdated or damaged. (*Id.*, ¶ 23.) Their mattresses are
very thin, and many detainees wake up in pain. (*Id.*, ¶ 24.) When detainees need
medications, the medical staff often does not have the proper medications, and they
miss doses. (*Id.*, ¶ 25.) The cells are overcrowded, and often times they are locked in
their cells for over 24 hours straight. (*Id.*, ¶¶ 27-28.) There is also a lack of recreation
and religious services. (*Id.*, ¶¶ 29, 31.) When detainees hit the emergency button to
complain of these conditions, they are often ignored. (*Id.*, ¶ 48.)

The plaintiffs also allege that when they complain about these conditions, their
grievances are not investigated. (*Id.*, ¶ 20). Additionally, they assert that the courts
are slow to process their preliminary hearings and are depriving them of speedy
trials. (*Id.*, ¶¶ 15-16.)

*Analysis*

The plaintiffs generally claim that the defendants violated their constitutional
rights by consistently keeping the Milwaukee County Jail in a state that is virtually
uninhabitable. Because they were pretrial detainees at the time the complaint was
filed, the Fourteenth Amendment applies to their conditions of confinement claim.

4

*See Hardeman v. Curran,* 933 F.3d 816, 822 (7th Cir. 2019). The Fourteenth Amendment protects a pretrial detainee from actions that would amount to punishment. *Id.* To state a Fourteenth Amendment claim, a plaintiff needs to allege that the conditions of confinement were objectively unreasonable. *Id.* at 822-823. In other words, the conditions of confinement must be "'excessive in relation to any legitimate non-punitive purpose.'" *Id.* (citing *See Kingsley v. Hendrickson,* 576 U.S. 389, 396-97 (2015)).

The plaintiffs name Inspector Dobbs, Sheriff Earnell Lucas, and County Executive David Crowley as individual defendants. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Hildebrant v. Ill. Dep't of Nat. Res.,* 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996)). Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch,* 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must specifically allege what each individual defendant did (or did not do) to violate his constitutional rights. Here, the plaintiffs' allegations do not detail what any of the named individual defendants specifically did or did not do to cause the constitutional violations. Accordingly, the claims against all three individual defendants will be dismissed.

The plaintiffs also sue both Milwaukee County and the City of Milwaukee. Section 1983 allows plaintiffs to sue municipalities for constitutional violations if the constitutional violation is the result of an unconstitutional municipal custom, policy,

5

or practice. *See Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978). Plaintiffs' claims against the City of Milwaukee fail because the Milwaukee County Jail is operated under the authority of Milwaukee County and not the City. Accordingly, the court will dismiss plaintiffs' claims against the City of Milwaukee. The court will allow the plaintiffs to proceed, however, with *Monell* claims against Milwaukee County based on two sets of allegations. First, the complaint adequately alleges a conditions of confinement claim based on the County's alleged maintenance of a custom or practice of creating and sustaining unconstitutional living conditions for pretrial detainees. Second, plaintiffs have also sufficiently stated a claim based on the allegation that there is a policy or practice of not investigating inmate complaints. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Plaintiffs' other allegations are not sufficient to state claims that can survive screening. While plaintiffs contend that Milwaukee County has limited their access to the courts by denying them legal materials and has been slow in providing them preliminary hearings and trials, they do not allege how (if at all) these limitations have prevented them from litigating their cases or otherwise negatively impacted them. Absent such allegations, plaintiffs lack standing to assert constitutional violations. *See Pozo v. Hompe*, Case No. 02-C-12, 2002 WL 32350035 at *8-9 (W.D. Wis. Feb. 19, 2002) (quoting *Lewis v. Casey,* 518 U.S. 343 (1996) ("To have standing to bring a claim of denial of access to the courts, a plaintiff must allege facts from which inference can be drawn of 'actual injury'".)

6

**MOTION TO APPOINT COUNSEL (ECF NO. 5)**

Because the plaintiffs' motion for certification of class requires a finding that they are adequate representatives of the class, the court will first address their motion to appoint counsel. In a civil case the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of pro bono counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. *Watts v. Kidman*, No. 21-1055, 2022 WL 3038877, at \*6 (7th Cir. Aug. 2, 2022).

Plaintiffs appear to have satisfied the first prong by making a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. The plaintiffs state they

contacted several attorneys prior to filing this motion, satisfying the first prong. (ECF No. 5, ¶ 4.)  At this stage, this assertion is enough to get past the first hurdle for appointment of counsel.

Plaintiffs do not satisfy the second requirement, however.  The "second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

The plaintiffs state they require counsel because the case is complex and will require discovery. However, the plaintiffs do not give the court any information that

8

would allow the court to discern whether they are able to participate in discovery or other stages of the litigation. Based on their current filings, including the complaint and their ability to communicate to the court that they want to proceed with the case, it seems that they possess the ability to litigate this case. The court will deny their motion for counsel without prejudice.

**MOTION FOR CERTIFICATION OF CLASS (ECF NO. 6)**

Prior to the dismissal of over twenty plaintiffs, the plaintiffs moved for class certification. Under Federal Rule of Civil Procedure 23(a)(4), the class must be provided adequate representation. As stated above, the court has found that the plaintiffs do not qualify for recruitment of counsel at this stage and will need to proceed *pro se*. "[C]ourts have repeatedly declined to allow *pro se* prisoners to represent a class in a class action." *Howard v. Walker*, Case No. 15-CV-557, 2015 WL 7313393 at *1 (E.D. Wis. Nov. 18, 2015) (listing cases). Their motion for class certification is denied.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that the plaintiffs' motions for leave to proceed *in forma pauperis* (ECF Nos. 34, 36, and 66) are **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to appoint counsel (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion for certification of class (ECF No. 6) is **DENIED**.

9

**IT IS FURTHER ORDERED** that Inspector Dobson, Earnell Lucas, David Crowley, and the City of Milwaukee are **DISMISSED**.

Under an informal service agreement between Milwaukee County and this court, a copy of the complaint and this order have been electronically transmitted to Milwaukee County for service on defendant Milwaukee County. It is **ORDERED** that, under the informal service agreement, the defendant shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of 1) Tommy T. Bush shall collect from his institution trust account the $271.85 balance of the filing fee; 2) Marion Patillo shall collect from his institution trust account the $328.53 balance of the filing fee; and 3) Clifford E. Bent shall collect from institution trust account the $321.36 balance of the filing fee. The agency shall collect these filing fees by collecting monthly payments from their prison trust accounts in an amount equal to 20% of the preceding month's income credited to each prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in each account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If a Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

10

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The plaintiffs are further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. The plaintiffs are reminded that it is their responsibility to promptly notify the court if they are released from custody or transferred to a different institution. The plaintiffs' failure to keep the court advised of their whereabouts may result in their dismissal or the dismissal of this case without further notice.

11

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiffs may find useful in prosecuting their case.

**IT IS FURTHER ORDERED** that this case is returned to Magistrate Judge William E. Duffin. The case is no longer referred to Judge Brett H. Ludwig.

Dated at Milwaukee, Wisconsin on January 24, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge