UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

TOMMY BUSH, et al.,

                        Plaintiffs,

     v.                                                               Case No. 22-cv-0697-bhl

MILWAUKEE COUNTY,

                        Defendant.
_____

## DECISION AND ORDER
_____

        Plaintiffs Tommy Bush, Clifford Bent, and Marion Pattillo are proceeding on claims that the conditions of confinement at the Milwaukee County Jail are unreasonable and that Milwaukee County fails to investigate inmate grievances. On May 26, 2023, Defendant Milwaukee County filed a motion for partial summary judgment on the ground that Bent failed to exhaust the administrative remedies on both of his claims and that Pattillo failed to exhaust the administrative remedies on his claim that the County fails to investigate inmate grievances. Dkt. No. 120. The Court reminded Plaintiffs, who are representing themselves, that under Civil L. R. 56(b)(2) their response materials were due on June 26, 2023. Dkt. No. 124. The Court also warned Plaintiffs that failure to respond to the motion or to ask for additional time to respond by the deadline would result in the Court accepting all facts asserted by Defendants as undisputed.

        The deadline to respond has passed, and Pattillo neither responded nor asked for additional time to respond. The Court has reviewed Defendant's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the motion must be granted as to Pattillo

because he failed to exhaust the available administrative remedies in regard to his claim that the County does not investigate inmate complaints. *See* Fed. R. Civ. P. 56(e)(3).

The Court will also grant Defendant's motion as to Bent's claims. Defendant asserts that Bent did not submit "any grievance or appeal regarding the jail's alleged failure to investigate inmate complaints," and he did not "exhaust the grievance procedure in place at the Milwaukee County Jail relating to unreasonable conditions of confinement." Dkt. No. 122 at ¶¶16-17. Bent did not adequately respond to Defendant's proposed findings of fact as required by Civil L. R. 56(b)(2)(B). Instead, on June 22, 2023, he filed a letter accusing Defendant of lying and noting that he "wrote grievances all the time." Dkt. No. 129. But even if Bent had made his assertions under penalty of perjury (which he did not), the assertions are too vague to create a dispute of material fact. "As the 'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact . . . ." *Grant v. Trustees of Indiana University*, 870 F.3d 562, 568 (7th Cir. 2017) (citations omitted). Bent includes no details about when (approximately) he submitted grievances, what the grievances were about, what (if any) responses he received, or whether and how he appealed responses to his grievances. As the Court advised in its May 30, 2023 order, Bent could have included this information in an unsworn declaration or affidavit, but he did not. Because Bent fails to provide the Court with admissible evidence rebutting Defendant's assertions that he did not complete the grievance process before filing his claims, Defendant is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3).

**IT IS THEREFORE ORDERED** that the Defendant's motion for partial summary judgment on exhaustion grounds (Dkt. No. 120) is **GRANTED.**

**IT IS FURTHER ORDERED** that this Bent's claims are **DISMISSED** without prejudice based on his failure to exhaust the available administrative remedies before initiating this lawsuit.

**IT IS FURTHER ORDERED** that Pattillo's claim that Defendant failed to investigate inmate grievances is **DISMISSED** without prejudice based on his failure to exhaust the available administrative remedies as to that claim.

Dated at Milwaukee, Wisconsin on July 11, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge